Ludbling-, C. J.
This suit is brought to recover the sum of $2528 75, interest, attorney’s fees, and costs, being the balance due on a mortgage note for $5000 drawn by-Charles A. Weed to his own order and by Mm indorsed in blank. The name of the defendant is not on the note, but he signed the act of mortgage executed by C. A. Weed in favor of the holder or bearer of the note. The act of mortgage contained the following stipulation: “And now personally intervened in these presents, Mr. James E. Zunts, of this city, who, after having taken cognizance of the foregoing act of mortgage, declared, that he does hereby bind himself jointly and in sólido with said O. A. Weed for the payment of the aforesaid note for five thousand dollars, at its maturity, in favor of L. E. G-eneres or any future holder of the same.”
The defense is that Zunts bound'himself as surety, and that he was released by the prolongation of the term of payment of the note, without his consent. The evidence leaves no doubt that the term of *318 payment was prolonged for a valuable consideration and without the consent of Zunts.
The only question is, did Zunts bind himself as surety or as a principal ?
The parol evidence in this record (received without objection) would remove any doubt on that point, if the written act itself were ambiguous. Generes aud Weed as well as Zunts testified in substance that J. E. Zunts signed the act of mortgage as a surety or guarantor for Weed, who waá borrowing the five thousand dollars from Generes, a broker. But without this testimony, we think the written act shows that Zunts’ obligation was that of surety, tor when one “ accedes to the existing obligation of another and engages to see it performed he becomes essentially a surety.” It is the essence rather than the form of a contract which must determine its character. ‘‘ Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not.” C. C. 3135; 14 La. 509. Such, from the written act, appears to have been the obligations assumed by J. E. Zunts.
The renewal of the note without the consent of the surety discharged him. C. C. 3063.
It is therefore ordered and adjudged that the judgment of the lower court bo annulled, and that there be judgment in favor of the defendant against the plaintiff, rejecting his demands with costs.